John C. Sahradnik, Esq./Bar ID #001811976
Christopher Khatami, Esq./Bar ID #043472013
**BERRY SAHRADNIK KOTZAS & BENSON**
212 Hooper Avenue, P.O. Box 757
Toms River, NJ 08754
Telephone: (732) 349-4800/Facsimile: (732) 349-1983
Attorneys for Plaintiffs

| | |
|---|---|
| COUNTY OF OCEAN, BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF OCEAN,<br><br>Plaintiffs,<br><br>v.<br><br>GURBIR S. GREWAL, in his official capacity as Attorney General of the State of New Jersey, AND OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF CRIMINAL JUSTICE,<br><br>Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs, the COUNTY OF OCEAN and the BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF OCEAN, by way of complaint against the Defendants say:

## OVERVIEW

1. Plaintiffs seek a declaration that the Attorney General of the State of New Jersey's Directive No. 2018-6 (the "Directive") exceeds the lawful scope of his constitutional, statutory, and common law powers by attempting to regulate the flow of immigration-related Inmate Information, which is preempted by the federal government's exclusive authority to regulate and enforce immigration laws.

1

2. The Directive's provisions prohibiting the voluntary sharing of immigration-related Inmate Information between the Ocean County Department of Corrections ("OCDOC") and federal Immigration and Customs Enforcement ("ICE") are in direct conflict with 8 U.S.C. § 1373 and 8 U.S.C. § 1644, which prevent the Attorney General from restricting the OCDOC's voluntary sharing of Inmate Information with federal law enforcement agencies.

3. In addition, Plaintiff seeks a declaration that the Attorney General does not have the constitutional, statutory, or common law power to regulate the County's statutory and regulatory authority to control and share Inmate Information with other law enforcement agencies.

## PARTIES

4. Plaintiff, the County of Ocean ("Ocean County"), is a public body duly organized pursuant to the laws of the State of New Jersey and derives its powers through the New Jersey Constitution and state laws.

5. Plaintiff, the Board of Chosen Freeholders of the County of Ocean ("the Board"), is the local governing body which exercises lawful control over the County of Ocean, with its principal business address at 101 Hooper Avenue, Toms River, New Jersey 08753.

6. Defendant Gurbir S. Grewal is the Attorney General of the State of New Jersey ("Attorney General") with his principal business address at Richard J. Hughes Justice Complex, 25 Market Street, P.O. Box 080, Trenton, New Jersey 08624—0080.

7. Defendant State of New Jersey, Office of the Attorney General,

Department of Law and Public Safety, Division of Criminal Justice, is the state entity from which the Attorney General issued Directive No. 2018-6, with its principal business address at Richard J. Hughes Justice Complex, 25 Market Street, P.O. Box 085, Trenton, New Jersey 08625—0085.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Plaintiff is located in this District and the actions or omissions giving rise to this action occurred herein.

## FACTUAL ALLEGATIONS

10. The New Jersey State Legislature conferred upon all County Boards of Chosen Freeholders the statutory authority to exercise custody and control over the county jails within their jurisdiction pursuant to N.J.S.A. 30:8-19.

11. Pursuant to this statutory authority, the Board on December 31, 1984 assumed the custody, rule, keeping and charge of the Ocean County Jail and all other Ocean County Jail facilities and of the prisoners therein.

12. The Commissioner of the New Jersey Department of Corrections ("NJDOC") has promulgated rules and regulations related to the administration of county jails.

13. The OCDOC, a department of Ocean County, records and maintains biographical information, including birthplace, citizenship, and social security number

from each inmate ("Inmate Information") pursuant to N.J.S.A. 30:8-16.

14. Ocean County retains exclusive authority over the OCDOC's method and mode of storing and sharing Inmate Information, including the authority to control the sharing of such Inmate Information with law enforcement agencies pursuant to N.J.A.C. 10A:31-6.8.

15. In accordance with Ocean County's authority, as set forth above, OCDOC purchased and maintains an Offender Management System ("OMS"), where all of the Inmate Information is stored.

16. Pursuant to the "Home Rule" doctrine contained in the New Jersey State Constitution, Article IV § VII, ¶11, it is within Ocean County's purview to voluntarily share Inmate Information from its database with Immigration and Customs Enforcement (ICE) in accordance with the provisions of 8 U.S.C. § 1373 and 8 U.S.C. § 1644.

17. More specifically, it is within Ocean County's authority to voluntarily exchange Inmate Information with any law enforcement agency, including ICE, by providing summary reports of such information and access to Ocean County's OMS, upon authorized request.

18. On or about November 28, 2018, Defendant Gurbir S. Grewal, in his official capacity as Attorney General of the State of New Jersey, issued Attorney General Law Enforcement Directive No. 2018-6, which prohibits OCDOC from sharing with ICE Inmate Information and from permitting ICE on-site access to Ocean County's OMS database.

19. The Directive also prohibits Ocean County from providing notice to ICE of a detained individual's upcoming release from custody unless such detained individual is currently charged, or has ever been convicted of certain offenses as defined in the Directive.

20. Prior to the effective date of the Directive, pursuant to Ocean County's authority and its commitment to cooperate with law enforcement agencies, the OCDOC voluntarily shared Inmate Information with ICE and permitted ICE access to Ocean County's OMS database to obtain pertinent biographical Inmate Information.

21. Ocean County's cooperation with ICE permits ICE agents to identify those individuals who have been charged with violating the law and are temporarily in the custody of the Ocean County Jail pending a bail hearing or trial and are not legally permitted to be in the United States.

22. The voluntary cooperation permits ICE officers to remove those individuals who are not legally permitted to be in the United States before they are released back into the community, which may pose an unnecessary risk to public safety.

23. According to statistical data collected by the OCDOC, between January 1, 2017 and July 31, 2019, approximately 17.7 percent of foreign born inmates were subject to immigration detainers upon their release from Ocean County Jail.

24. This statistical data underscores the County's imperative to exercise its legal authority to voluntarily share Inmate Information with ICE.

25. The Directive seeks to regulate the sharing of immigration-related Inmate Information in direct conflict with Congress's exclusive authority to regulate the sharing

of such information between ICE and County governments as it pertains to immigration enforcement. See, e.g., Hampton v. Mow Sun Wong, 426 U.S. 88, 95 (1976).

26. Congress's broad authority to regulate sharing of immigration-related Inmate Information preempts this Directive and the Attorney General's authority to issue it. See, e.g., Arizona v. United States, 567 U.S. 387, 394 (2012).

27. Further, this Directive subverts the New Jersey Legislature's intent that Ocean County retains authority and control over the availability of Inmate Information and the sharing of same with law enforcement agencies.

28. Similarly, this Directive usurps Ocean County's authority to voluntarily share Inmate Information with law enforcement agencies pursuant to federal law.

29. By virtue of this overreaching Directive, Ocean County is restrained from exercising its authority to provide ICE, a law enforcement agency, with Inmate Information and access Inmate Information contained in Ocean County's OMS database in accordance with its responsibility to safeguard its local communities.

30. This Directive is an unconstitutional and unlawful exercise of the Attorney General's authority on both federal and state constitutional and statutory grounds.

## CAUSES OF ACTION

### COUNT ONE

### 8 U.S.C. § 1373 and 8 U.S.C. § 1644 Preempt the Attorney General's Directive No. 2018-6

31. Plaintiffs, Ocean County and the Board, repeat and reiterate each and every allegation contained in paragraphs 1 through 30 and incorporate same herein.

32. The Supremacy Clause of Article I of the United States Constitution bars states from taking actions that frustrate or impede federal laws and regulatory schemes. The federal government has exclusive, broad authority over the regulation and enforcement of immigration. The historic police powers of the State do not supersede the federal government's preemptive authority over matters involving immigration and naturalization.

33. The provisions of the Directive banning the OCDOC from voluntarily sharing an Inmate Information with ICE, providing access to Ocean County's OMS database, and notice of an inmate's date of discharge to ICE conflicts with and is preempted by 8 U.S.C. § 1373 and 8 U.S.C. § 1644.

34. This Directive, issued under the purported cloak of the Attorney General's state constitutional and statutory authority, concomitantly frustrates and impedes the federal government's regulation and enforcement of immigration laws, and Ocean County's statutory and regulatory authority to exercise control and authority over the OCDOC and the sharing of Inmate Information with law enforcement agencies.

35. Pursuant to its exclusive, broad authority over immigration regulation, Congress passed into law 8 U.S.C. § 1373 and 8 U.S.C. § 1644 to preclude states from prohibiting county and local governments from voluntarily sharing information with ICE.

36. 8 U.S.C. § 1373(a) and (b) provide the following:

(a) In general

> Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization

> Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual.
>
> (b) Additional authority of government entities
>
> Notwithstanding any other provision of Federal, State, or local law, no person or agency may prohibit, or in any way restrict, a Federal, State, or local government entity from doing any of the following with respect to information regarding the immigration status, lawful or unlawful, of any individual:
>
> (1) Sending such information to, or requesting or receiving such information from, the Immigration and Naturalization Service.
>
> (2) Maintaining such information.
>
> (3) Exchanging such information with any other Federal, State, or local government entity.

37. 8 U.S.C. § 1644 provides the following:

> Nothwithstanding any other provision of Federal, State, or local law, no State or local government entity may be prohibited, or in any way restricted, from sending to or receiving from the Immigration and Naturalization Service information regarding the immigration status, lawful or unlawful, of an alien in the United States.

38. The Directive bans Ocean County from providing ICE with access to its OMS database and with notice of an inmate's discharge date except as otherwise noted in the Directive.

39. The Attorney General's legal authority does not permit him to issue directives regulating the sharing of immigration-related Inmate Information. Therefore, the Attorney General's encroachment on federal authority to regulate immigration invalidates the Directive.

40. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiffs are entitled to a

declaration that Defendants' Directive conflicts with, and is preempted by 8 U.S.C. § 1373 and 8 U.S.C. § 1644, and as such, the Directive is invalid as applied to Plaintiffs under the Supremacy Clause of the United States Constitution.

**WHEREFORE**, Plaintiffs, Ocean County and the Board, demand judgment against Defendants declaring that the Attorney General's Directive No. 2018-6 is unconstitutional, invalid and unenforceable and for such other relief as the court deems just and equitable.

## COUNT TWO

### The Attorney General's Directive Violates the Home Rule Doctrine Under Article IV, § VII, ¶ 11 of the New Jersey Constitution of 1947

41. Plaintiffs, Ocean County and the Board, repeat and reiterate each and every allegation contained in paragraphs 1 through 40 above and incorporate same herein.

42. Home Rule is an enshrined constitutional principle contained in Article IV § VII, ¶11 of the New Jersey Constitution of 1947 that permits the State to confer authority upon county and local governments control over local needs and functions.

43. Article IV § VII, ¶11 of the New Jersey State Constitution of 1947 states:

> The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The powers of counties and such municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law.

44. In 1887, the New Jersey State Legislature enacted N.J.S.A. 30:8-19, which

is found in Article 4 of Title 30, entitled "County Jails in Care, Custody, and Control of Boards of Chosen Freeholders", and which states:

> It shall be lawful for the board of chosen freeholders of any county in this state to assume and thereafter to exercise the custody, rule, keeping and charge of the county jails in their respective counties, and of the prisoners therein, whenever any such board shall decide, by the affirmative votes of two-thirds of all its members, so to do, and shall file a certificate of such decision attested by the director and the clerk of such board, in the office of the secretary of state. When such certificate shall have been so filed, the custody, rule, keeping and charge of the county jail in such county shall be no longer in the sheriff of that county, but in the board of chosen freeholders thereof, and in such jailer, keeper or warden as they shall appoint for that purpose.

45. In enacting N.J.S.A. 30:8-19, the New Jersey State Legislature granted authority over county jails to local county governments, which is now subject to the limited authority of the NJDOC.

46. The New Jersey State Legislature broadly empowered the Board to exercise authority to regulate internal processes such as the storage, maintenance and sharing of Inmate Information with outside law enforcement agencies.

47. N.J.A.C. 10A:31-6.8 and N.J.A.C. 10A:31-6.14 recognize and reaffirm Plaintiffs' authority to control the sharing of Inmate Information with law enforcement agencies.

48. The Directive eviscerates Ocean County's sovereign rights protected under Article IV § VII, ¶11 of the New Jersey Constitution of 1947 and interferes with the New Jersey State Legislature's expressed intent to confer upon Plaintiffs the authority to control Inmate Information.

49. Pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-52, Plaintiffs are entitled to a declaration that the Directive violates Plaintiffs' constitutional right to exercise local government control over the Ocean County Jail and Inmate Information pursuant to Article IV § VII, ¶11 of the New Jersey Constitution of 1947 and N.J.S.A. 30:8-19.

**WHEREFORE**, Plaintiffs, Ocean County and the Board, demand judgment against Defendants declaring that the Attorney General's Directive No. 2018-6 is unconstitutional, invalid and unenforceable as applied to Plaintiffs, and for such other relief as the court deems just and equitable.

## COUNT THREE

### The Attorney General Does Not Have Legal Authority To Control Ocean County's Sharing of Inmate Information With Law Enforcement Agencies

50. Plaintiffs, Ocean County and the Board, repeat and reiterate each and every allegation contained in paragraphs 1 through 49 above and incorporate same herein.

51. Article V, § IV, ¶3 of the New Jersey Constitution of 1947 established the Office of Attorney General in the Executive Branch of government.

52. The Attorney General's legal authority as derived from the New Jersey Constitution of 1947, the Criminal Justice Act of 1970, N.J.S.A. 52:17B-97, et. seq., and the common law does not grant him the power to regulate or control Ocean County's voluntary sharing of Inmate Information with other law enforcement agencies.

53. The Attorney General has all the power invested in his office at common

11

law except as modified or limited by the state constitution or legislative enactment. Wilentz v. Hendrickson, 133 N.J. Eq. 447, 33 A.2d 366 (Ch. 1943).

54. The New Jersey Attorney General's constitutional, statutory, and common law powers have never included authority over the county jails, or control over Inmate Information collected, maintained, and shared by the county jails with other law enforcement agencies.

55. The New Jersey Legislature's enactment of N.J.S.A. 30:8-19 and the statutory scheme concerning county jails underscores that the County Boards of Chosen Freeholders possess control and custody over county jails and sharing of Inmate Information collected and stored therein, not the Attorney General.

56. Even though the New Jersey Legislature could have empowered the Attorney General under this statutory scheme, the Legislature deliberately and clearly chose to empower county governments to control county jails subject to the rules and regulations promulgated by the Commissioner of the New Jersey Department of Corrections, which has recognized the authority of county government to share, if it so decides, Inmate Information with other law enforcement agencies.  See, N.J.A.C. 10A:31-6.8.

57. The Attorney General's exercise of his constitutional, statutory, and common law powers do not provide any basis for this Directive.

58. This Directive's declared source of legal authority directly conflicts with the New Jersey Legislature's expressed intent to vest power and authority in county governments to control county jails and the sharing of Inmate Information.

59. The Attorney General's Directive is arbitrary, capricious, and unreasonable and thus constitutes an abuse of discretion as applied to Plaintiffs.

**WHEREFORE**, Plaintiffs, Ocean County and the Board, demand judgment against Defendants declaring that the Attorney General's Directive No. 2018-6 is unconstitutional, invalid and unenforceable and for such other relief as the court deems just and equitable.

BERRY, SAHRADNIK, KOTZAS & BENSON

_____
JOHN C. SAHRADNIK, ESQ.
Attorney for Plaintiffs

_____
CHRISTOPHER A. KHATAMI, ESQ.
Attorney for Plaintiffs

### CERTIFICATION

The undersigned, attorney for Plaintiffs, hereby certifies in accordance with Local Civil Practice Rule 11.2 and 28 U.S.C. § 1746 that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

_____
CHRISTOPHER A. KHATAMI, ESQ.
Attorney for Plaintiffs

DATED: 9/18/19

_____
JOHN C. SAHRADNIK, ESQ.
Attorney for Plaintiffs

DATED: 9/18/19

13